<u>NOT FOR PUBLICATION</u> [Dkt. Ent. 131]

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       v.<br><br>SHAWN L. CANNON, | Crim. No. 11-cr-00783-RMB-2<br><br>OPINION |

      Before the Court is a motion to withdraw the plea agreement and enter an open plea agreement filed by Defendant Shawn L. Cannon (the "Defendant"). (Dkt. Ent. 131.) On September 12, 2012 Defendant pled guilty to Counts One and Two of the Superseding Indictment pursuant to a written plea agreement. (Dkt. Ents. 74, 75.) On May 30, 2013, the Court sentenced Defendant to 240 months' imprisonment on Count One and 290 months on Count Two, served concurrently, and five years of supervised release. (Dkt. Ent. 124.) Defendant filed a notice of appeal on June 12, 2013, and on October 28, 2013, the Third Circuit granted the Government's motion to enforce the appellate waiver and summarily dismissed the appeal thereby affirming Defendant's conviction and sentence. (Dkt. Ents. 125, 140.) While that appeal was pending, however, Defendant filed the instant motion.

      Under Federal Rule of Criminal Procedure 11, "[a] defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason; or (2)

after the court accepts the plea, but before it imposes sentence . . . ." Once a court imposes sentence, however, "defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). Here, Defendant filed his motion to withdraw his guilty plea nearly three months after this Court imposed its sentence. He also appealed his sentence to the Third Circuit to no avail. Accordingly, this Court is without authority to grant Defendant's motion. See United States v. D'Alfonso, 397 F. App'x 754, 756 (3d Cir. 2010) (affirming district court's determination that it could not set aside defendant's guilty plea under Rule 11(e)); United States v. Ward, 760 F. Supp. 2d 480, 483 (D.N.J. 2011) ("[Rule 11] also states that '[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack,' Fed. R. Crim. P. 11(e). Because Ward has already filed an appeal and a collateral attack to no avail, the Court may not set aside the defendant's guilty plea based on this rule." (quoting D'Alfonso, 397 F. App'x at 756)); United States v. Hough, No. 02-cr-649, 2011 U.S. Dist. LEXIS 26645, at *5 (D.N.J. March 15, 2011) (same).

FOR THESE REASONS,

IT IS on this **10th** day of **March 2014** hereby

**ORDERED** that the Clerk of the Court shall REOPEN this matter for purposes of deciding the instant motion; and it is further

**ORDERED** that Defendant's motion to withdraw his plea agreement is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall CLOSE the file in this matter.


Date: March 10, 2014

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE