[Dkt No. 203]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWN L. CANNON | Crim. No. 11-783 (RMB)<br><br>OPINION |

This Matter comes before the Court upon Defendant Shawn Cannon's Motion for a Sentence Reduction pursuant to United States Sentencing Guidelines Amendment 782. [Dkt. No. 203]. For the reasons set forth herein, and in the Government's Opposition [Dkt. No. 205], the Motion is denied.

Cannon pled guilty to two criminal offenses: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846. The charges resulted from Cannon's leadership role in a conspiracy to commit a home invasion-style armed robbery of a cocaine stash house and sell the large quantities of stolen cocaine. Cannon

1

had extensive communications and meetings with an undercover ATF agent on numerous occasions and planned the details of the offense.  Due to his two prior felony drug trafficking convictions—part of an extensive criminal history—Cannon was a career offender.  Accordingly, Cannon's offense level and criminal history were determined pursuant to U.S.S.G. § 4B1.1 (the career offender guideline), not the Guidelines otherwise applicable to Hobbs Act Robbery or drug trafficking conspiracy.  Because the statutory maximum prison sentence for Count Two was life, the applicable offense level was 37 and the criminal history category was VI. *See* U.S.S.G. § 4B1.1(b)(1).  The resulting Guidelines range, after a reduction for acceptance of responsibility, was 262-327 months.  This Court sentenced Cannon to concurrent prison terms of 240 and 290 months.

Defendant Cannon is ineligible for a sentence reduction because Amendment 782 did not change his Guideline range.  Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  See also United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009) ("Amendment 706 only decreased the *base offense level* for crack cocaine offenses by two levels.  To be entitled to a reduction of sentence, a defendant's *sentencing range* must have been lowered by recalculation based

on the amended base offense level.") (emphasis in original). Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." See Dillon v. United States, 560 U.S. 817, 826 (2010).

In this case, Cannon's sentencing range has not changed because it did not rest on the provision in Section 2D1.1 which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, Cannon's base offense level for the drug offense was 34; that would be reduced to 32 pursuant to Amendment 782. However, Cannon was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to 37 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 782, and Cannon's offense level remains exactly what it was at the time of sentencing. See Mateo, 560 F.3d at 154-55 (relief unavailable for career offender guideline unaffected by Amendment 782).

An accompanying Order shall issue.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: October 5, 2021

3